# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ALEXANDER MENDIOLA BERMUDES,

        Plaintiff,

    v.

SOCIAL SECURITY,

        Defendant.

3:11-cv-00627-RCJ-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

November 6, 2012

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion to dismiss (#13).[1] Plaintiff opposed (#19; #23) and defendant replied (#20). The court has thoroughly reviewed the record, and recommends that defendant's motion to dismiss (#13) be granted and plaintiff's complaint (#7) be dismissed with prejudice.

## I. BACKGROUND AND PROCEDURAL HISTORY

On October 20, 2011, *pro se* plaintiff Alexander Mendiola Bermudes ("plaintiff") filed a complaint against "Social Security" (#7).[2] Plaintiff's complaint, while largely unintelligible, appears to allege that the SSA committed common law fraud, violations of the Truth in Lending Act ("TILA"), and violations of the Americans with Disabilities Act ("ADA"). *Id.* Plaintiff has not identified the basis for this court's jurisdiction; has not set forth any factual allegations to support his

---

[1] Refers to the court's docket numbers.

[2] The court construes "Social Security" to refer to the Social Security Administration ("SSA").

-1-

claims other than the allegation that plaintiff "didn't assign anybody as administrative payee;" and has not requested any relief. *Id.*

Defendant asks this court to dismiss plaintiff's complaint on the grounds that this action is a re-filing of a previous action that was dismissed by the court; and as such, is barred by the doctrine of *res judicata* (#13, p. 3). Plaintiff's opposition does not respond to defendant's motion to dismiss, other than to argue that the motion to dismiss should be construed as a motion for summary judgment; and that plaintiff should be awarded judgment as a matter of law (#19, p. 2).

## II. DISCUSSION AND ANALYSIS

### 1. Relevant Law

#### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court employs a two-pronged approach. *Id.* First, the tenet that a court must accept as true all of the complaint's allegations is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* In other words, for the nonmovant to succeed, "the non-conclusory 'factual content,' and reasonable inferences from

that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. *Res Judicata*

The doctrine of *res judicata*, or claim preclusion, bars re-litigation of any claims that were raised or could have been raised between the same parties in a prior action. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001); *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992). In determining whether a subsequent lawsuit is barred by res judicata, "the central criterion" is "whether the two suits arise out of the same transactional nucleus of facts." *Owens*, 244 F.3d at 713 (citing *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (citation omitted)); *Clark*, 966 F.2d at 1320 (citation omitted). Res judicata protects final judgments, conserves judicial resources, and prevents unnecessary costs of additional litigation. *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

### 2. Analysis

The court finds that plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff's complaint sets forth no factual allegations which would support his claims for fraud, violations of the Truth in Lending Act, or violations of the Americans with Disabilities Act. In addition, defendant is immune from suit under these claims. *See Cunningham v. Social Security Admin.*, 311 Fed.Appx. 90, 92 (10th Cir. 2009) (unpublished) (citing 42 U.S.C. § 405(h)) (fraud); *United States v. Petroff-Kline*, 557 F.3d 285, 297 (6th Cir. 2009) (TILA); *Imamoto v. Social Security Admin.*, 2008 WL 5179104 * 3-5 (D.Hawaii 2008) (not reported) (ADA); *Maloney v. Social Security Admin.*, 517 F.3d 70, 74 (2nd Cir. 2008) (ADA); *Tomlinson v. Social Security Admin.*, 939 F.Supp. 571, 572 (E.D.Mich. 1996) (ADA). Thus, the court finds that plaintiff's claims against the SSA are legally untenable.

Further, the court finds that plaintiff's claims for fraud and violations of the Truth in Lending Act are barred by the doctrine of *res judicata*. On July 5, 2011, in Case No. 3:11-cv-00038-RCJ-RAM, the Honorable Robert C. Jones entered an order dismissing plaintiff's claims against the SSA for common law fraud, violations of TILA, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The court finds that the same parties are involved in both lawsuits; and that plaintiff's current claims for fraud and violations of TILA arise from the same "transactional nucleus of facts," i.e., that neither plaintiff nor his deceased mother assigned "anybody as administrative payee" as those in the previous suit (#6, p. 3 in Case No. 3:11-cv-00038-RCJ-RAM). *See Owens*, 244 F.3d at 713. Thus, the court also finds that plaintiff's claims for fraud and violations of TILA are also barred by *res judicata*.

### III. CONCLUSION

**IT IS THEREFORE RECOMMENDED** that defendant's motion to dismiss (#13) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's complaint (#7) be **DISMISSED WITH PREJUDICE**. Leave to amend is not appropriate because it is clear that plaintiff's complaint fails to state a claim upon which relief in this court may be granted, and that the deficiencies cannot be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

The parties should be aware of the following:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for

consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the District Court's judgment.

DATED: November 6, 2012.

_____

**UNITED STATES MAGISTRATE JUDGE**